UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GWENDOLYN E. C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04233-SLD-RLH |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Gwendolyn E. C. and Commissioner of Social Security ("Commissioner") Frank Bisignano filed a joint motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See generally* Joint Mot., ECF No. 14. Because the joint motion did not include sufficient information, the Court directed Plaintiff to supplement the motion with the following: an itemized statement of time, the rate used to calculate the requested fees, and proof that the requested rate did not exceed the prevailing market rate. Aug. 29, 2025 Text Order.

Instead of doing that, Plaintiff's counsel filed a response essentially complaining that the Court asked for additional information to ensure compliance with the statutory language of the EAJA. *See generally* Resp., ECF No. 15. He complains that because there has been no objection from the Commissioner, "there is no proper legal basis for reducing the EAJA fee sought." *Id.* at 1. He informs the Court that "EAJA [cost of living] adjustments are routine and not litigated by [the Commissioner] any longer almost anywhere in the nation." *Id.* at 3. He opines that it is "contrary to everyone's interests to engage in satellite litigation over unopposed fee requests when EAJA proceedings are supposed to be summary – especially when they are uncontested" and complains that "[t]his problem just keeps repeating itself and only in this

1

District." *Id.* at 4.

This is not the first time Plaintiff's counsel has complained that the Court has requested additional information before ruling on an EAJA motion. *See* Sandra Reply, *Sandra C. v. Bisignano*, No. 4:23-cv-04131-SLD-JEH (C.D. Ill. Oct. 21, 2024), ECF No. 15; Dean Reply, *Dean W.T. v. O'Malley*, No. 4:22-cv-04174-SLD-JEH (C.D. Ill. Oct. 31, 2023), ECF No. 18; Unopposed Mot. Att'y Fees, *Craig E.V. v. Kijakazi*, No. 4:20-cv-04053-SLD-JEH (C.D. Ill. Dec. 6, 2021), ECF No. 18. In one of those prior cases, the Court acknowledged counsel's many arguments about the fact that the request for fees was unopposed but stated in no uncertain terms that "its power to award EAJA fees is limited by the statutory language of the EAJA and the Seventh Circuit's decision in" *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Order Granting Dean Fees 8, *Dean W.T. v. O'Malley*, 4:22-cv-04174-SLD-JEH (C.D. Ill. Apr. 11, 2024), ECF No. 19. The Court once again informs Plaintiff's counsel that its practice is to, before granting even an agreed upon motion for EAJA fees, ensure that the statutory and precedential requirements for awarding EAJA fees are met. There is no "automatic entitlement to fee enhancements" under the EAJA. *Sprinkle*, 777 F.3d at 428. The *Court* must determine that a rate above $125/hour is justified. 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless *the court determines* that an increase in the cost of living . . . justifies a higher fee."). Not the parties.

But this does not mean that the Court is encouraging "satellite litigation." Resp. 4. Indeed, particularly where the motion is agreed upon, it is simple to meet the statutory requirements. An applicant for fees need only include:

1) "an itemized statement from any attorney . . . representing or appearing [o]n behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed," 28 U.S.C. § 2412(d)(1)(B); and

2) if the rate at which fees were computed exceeds $125/hour, "evidence that the rate . . . [requested] is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience," *Sprinkle*, 777 F.3d at 428; *see also* 28 U.S.C. § 2412(d)(2)(A). "An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden." *Sprinkle*, 777 F.3d at 423.

The rate at which the fees were calculated—$ 234.50—is provided in the response. Resp. 1 (explaining that the Commissioner's attorneys are "well aware of the prevailing market rate in the community," which is why they "did not object to a contingent hourly rate of only $234.50 for what is elite level appellate representation from a national expert," though not acknowledging that the rate was nowhere identified in the initial motion for fees). Plaintiff's counsel also, though he does so begrudgingly, *see id.* at 3, provides a sworn statement from an attorney who states that "[a]n hourly rate of $234.50 appears to be below the market rate." Osterhout Statement ¶ 2, ECF No. 15-2. This is the same evidence the Court has relied on to grant a higher fee before, Order Granting Sandra Fees 7, *Sandra C. v. Bisignano*, No. 4:23-cv-04131 (C.D. Ill. May 14, 2025), ECF No. 16, along with Plaintiff's counsel's statements about his own rates, Order Granting Dean Fees 7–8. Plaintiff's counsel also explains within one paragraph how the increase in the Midwest Consumer Price Index supports the requested rate. Resp. 2. None of this would have taken much effort if counsel had only heeded this Court's prior orders.

3

The one thing Plaintiff's counsel did not do, despite being specifically ordered to do so, is provide an itemized statement of the time he spent litigating this case. His itemized statement of time must be filed by November 3, 2025.

Entered this 27th day of October, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE