UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GWENDOLYN E. C., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-04233-SLD-RLH |
| FRANK BISIGNANO, | ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Plaintiff Gwendolyn E. C. and Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") joint motion for fees, ECF No. 14, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. The parties request that the Court award Gwendolyn $8,442.00 in attorney's fees and $405.00 in costs under the EAJA. Joint Mot. 1. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Gwendolyn filed this suit in December 2024 seeking judicial review of the Commissioner's final decision denying her claim for disability insurance benefits. Compl., ECF No. 1. The Commissioner moved to reverse his decision and remand the case for further proceedings, and Gwendolyn did not object. Am. Mot. Remand, ECF No. 11. The Court granted this motion, Order, ECF No. 12, and judgment was entered on June 4, 2025, Judgment, ECF No. 13. The joint motion for fees was filed on July 8, 2025. *See* Joint Mot. 1. Gwendolyn filed responses in support of the motion at the Court's direction, Aug. 29, 2025 Text Order; Oct.

1

27, 2025 Order, ECF No. 16, in September, Resp., ECF No. 15, and November, Suppl. Resp., ECF No. 17.

## DISCUSSION

**I.    Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Gwendolyn is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Gwendolyn's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become

unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The joint motion was filed before the time to appeal ran, *see* Fed. R. App. P. 4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely. To the extent it is required, the Court notes that Gwendolyn's responses, which contained information necessary for the Court to rule on the motion, were also filed within the time limit for EAJA applications.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner moved to remand the case for further proceedings and joins in the request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Gwendolyn is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Gwendolyn's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by

multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Gwendolyn's attorney's statement of time. *See* Statement of Time, ECF No. 17-1. This shows that Gwendolyn's attorney spent 37.2 hours on the case but is only seeking compensation for 36 hours. *Id.* at 4. The Court finds that all 36 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Gwendolyn's attorney asserts that his work should be compensated at the hourly rate of $234.50. Resp. 1. To justify the requested attorney rate, he points to changes in the Midwest consumer price index ("CPI") between March 1996 when the $125 per hour rate was set and "December 2024, when the first work was performed in this case." *Id.* at 2. To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of

4

$125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). The Midwest CPI in March 1996 was 151.7 and the Midwest CPI in December 2024 was 292.533. *See Consumer Price Index for All Urban Consumers (CPI-U) in the Midwest*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0200SA0?amp%253bdata_tool =XGtable&output_view=data&include_graphs=true (change output to From: 1996, then click "GO") (last visited Nov. 17, 2025). Accordingly, the CPI had increased by a factor of 1.928. Using that factor, an increase in the statutory cap to $241.00 would be warranted. This exceeds the $234.50 per hour rate Gwendolyn's attorney seeks. Gwendolyn's attorney attests that $234.50 is far less than the amount he charges for non-contingency work, *see* Suppl. Resp. 3 (stating that he charges a non-contingent rate of $595.00 per hour), and provides a sworn statement from another attorney stating that $234.50 "appears to be below the market rate." Osterhout Statement ¶ 2, ECF No. 15-2. The information provided sufficiently supports awarding fees at $234.50 per hour.

Based on an hourly rate of $234.50 for 36 hours of work, Gwendolyn is entitled to $8,442.00 in attorney's fees. The docket supports that Gwendolyn paid $405.00 in filing fees, so she is awarded a total of $8,847.00 in EAJA fees.

## CONCLUSION

Accordingly, the joint motion for attorney's fees, ECF No. 14, is GRANTED. Plaintiff Gwendolyn E. C. is awarded $8,847.00 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Gwendolyn owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Defendant Commissioner of Social Security Frank Bisignano indicates that

Gwendolyn has provided an assignment of fees to her attorney. Joint Mot. 2 n.2. Thus, if the Commissioner can verify that Gwendolyn does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to attorney David Chermol. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If payment is mailed rather than electronically deposited, the Commissioner will instruct the U.S. Department of the Treasury that any check be made payable to Gwendolyn and mailed to attorney David Chermol's address of record: David F. Chermol, Esquire, Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, Pennsylvania 19116.

    Entered this 19th day of November, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE