UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GWENDOLYN E. C., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:24-cv-04233-SLD-RLH |
| FRANK BISIGNANO, | ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Petitioner David Chermol's—attorney for Plaintiff Gwendolyn E. C.—motion for attorney fees under 42 U.S.C. § 406(b), ECF No. 19. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Gwendolyn filed this suit in December 2024 seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claim for disability insurance benefits. Compl., ECF No. 1. The Commissioner moved to reverse his decision and remand the case for further proceedings, and Gwendolyn did not object. Am. Mot. Remand, ECF No. 11. The Court granted the motion, Order, ECF No. 12, and judgment was entered on June 4, 2025, Judgment, ECF No. 13. On November 19, 2025, the Court awarded Gwendolyn $8,847.00 in fees under the Equal Access to Justice Act ("EAJA"). EAJA Order, ECF No. 18. In December 2025, the Social Security Administration awarded Gwendolyn $102,646.00 in past due benefits. *See generally* Not. Award, ECF No. 19-1; Mot. Att'y Fees ¶ 3. Gwendolyn agreed to pay her attorney 25 percent of any past due benefits awarded after an appeal to federal court. *See* Social Security Retainer & Fee Agreement 1, ECF No. 19-2. Chermol seeks $25,661.50 in attorney's fees, which is 25 percent of Gwendolyn's past due benefits. Mot. Att'y Fees ¶ 5.

1

However, he previously received $8,847.00 in EAJA fees, *id.* ¶ 6; EAJA Order, so he requests payment of only $16,814.50, Mot. Att'y Fees ¶ 6. The Commissioner "neither supports nor opposes counsel's request for attorney's fees." Resp., ECF No. 20.

## DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

The $25,661.50 requested for attorney's fees here is consistent with the fee agreement. And the Court finds that the amount is reasonable. Gwendolyn's counsel spent 37.2 hours litigating this case in court. *See* Statement of Att'y Time Expended ¶ 6, ECF No. 19-3. This results in an effective hourly rate of $689.83. Other courts in the Seventh Circuit have approved awards that result in much higher effective hourly rates. *See, e.g.*, *Negron v. Bisignano*, No. 2:20-CV-270-TLS, 2026 WL 40062, at *2 (N.D. Ind. Jan. 6, 2026) ($1,393.78 per hour). This rate is reasonable in light of Chermol's long history of representing claimants in Social Security

appeals and the contingent nature of such cases.[1] *See Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (listing "the attorney's expertise and efforts expended" and "the uncertainty of recovery and risks of an adverse outcome" as factors to be considered in determining whether the reduce the fee awarded to attorneys under § 406(b)).  Moreover, the results achieved for Gwendolyn—over $100,000 in past due benefits and future benefits of approximately $3,000 per month—are great, further justifying the amount of fees to be awarded to Gwendolyn's court counsel.  *See, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded).

An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; he must either refund the amount awarded under the EAJA to the client or offset that amount from the requested § 406(b) award.  *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, Case No. 3:17-CV-00206-JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020).  Chermol wishes to offset the EAJA amount, thus requesting a net payment of $16,814.50.

## CONCLUSION

Accordingly, Petitioner David Chermol's motion for attorney fees under 42 U.S.C. § 406(b), ECF No. 19, is GRANTED.  Chermol is awarded $25,661.50 in attorney's fees under § 406(b).  As he has already received $8,847.00 in EAJA fees, he is entitled to $16,814.50 to be paid out of Plaintiff Gwendolyn E. C.'s past due benefits in accordance with Social Security Administration policy.

---

[1] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits.  *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).  An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits.  The amount he receives from clients who do get an award of past-due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid.  *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (*citing Martinez*, 630 F.3d at 695)).

Entered this 5th day of February, 2026.

                                                s/ Sara Darrow
                                                SARA DARROW
                              CHIEF UNITED STATES DISTRICT JUDGE